**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
**CENTRAL ISLIP DIVISION**

| | |
|---|---|
| AUDRIANNA K. MARCANO,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Civil Case No.: 2:26-cv-4661<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Audrianna K. Marcano ("Plaintiff"), by and through the undersigned counsel, brings this action on an individual basis, against Experian Information Solutions, Inc. ("Experian") and states as follows:

**INTRODUCTION**

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

**PARTIES**

2. Plaintiff resides in Coram, New York, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

3. Defendant Experian is a consumer reporting agency that maintains its principal place of business at 475 Anton Boulevard, Costa Mesa, CA 92626.

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p .

5. Venue is proper in this District under 28 U.S.C. § 1391(b).

## FACTS

### Plaintiff' Resolves the Security Credit Systems Collection Account

6. In or about May 2025, Security Credit Systems, Inc. ("SCS") began furnishing a collection account concerning Plaintiff to the consumer reporting agencies.

7. The collection account identified "St. Joseph's University" as the original creditor, bore an account number beginning in "357126X", and reflected an original balance of $1,199.00.

8. On or about January 5, 2026, Plaintiff contacted SCS concerning the collection account.

9. During the call, Plaintiff discussed resolving the account and requested that the collection tradeline be removed from her consumer reports upon payment.

10. An SCS representative named Doug informed Plaintiff, during a recorded telephone call, that the collection account would be removed after Plaintiff paid the agreed amount.

11. Based on that representation, Plaintiff paid SCS $1,199.00 on or about January 5, 2026.

12. Following Plaintiff's payment, the account was updated to reflect that it had been paid and closed.

### Defendant Experian Continues to Report the SCS Collection Account After Payment

13. Experian should have removed the account. A collection account is inherently derogatory. It tells any lender reviewing the file that a debt went to collections, and it drags down Plaintiff's credit rating and score regardless of whether the balance later shows as paid.

14. Beyond that, Plaintiff had a specific agreement with SCS, the furnisher of the account, that the account would be deleted from her credit reports once she paid it. That agreement

meant the account was not to be reported at all after payment, not merely updated to show a zero balance. Once Plaintiff paid under that agreement, any continued reporting of the account was inaccurate.

15. Once Plaintiff paid the account under that agreement, the SCS collection was no longer a reportable item on her file. Experian's continued publication of it was false. It told every lender that pulled the report that Plaintiff's credit profile is stained with such an inaccurate account, when in truth that account was never supposed to reappear on her credit file at all once paid, pursuant to even SCS's acknowledgement and agreement.

16. Upon reviewing her Experian consumer report, Plaintiff learned that Experian continued to include the SCS account in her credit file and was publishing it to third parties who requested her report.

17. Specifically, Experian reported the SCS account, bearing an account number beginning in 357126X, as a collection account with an original balance of $1,199.00, a current balance of $0.00, and a status of paid.

18. Plaintiff was confused and distressed by Experian's continued publication of the collection account, because SCS had agreed and represented that the collection account would be deleted after Plaintiff paid the agreed amount.

19. On or about January 22, 2026, Plaintiff contacted SCS and asked why the collection account continued to appear on her Experian consumer file and reports.

20. The same SCS representative who had previously informed Plaintiff that the account would be removed told Plaintiff that she would need to dispute the account with Experian before it could be deleted.

**Plaintiff's Dispute Regarding the Inaccurate Credit Reporting January 2026**

21. On or about January 23, 2026, Plaintiff submitted an online dispute to Experian concerning the continued reporting of the SCS collection account.

22. In that dispute, Plaintiff told Experian exactly why the reporting was inaccurate: she had paid the SCS account because SCS had represented that the tradeline would be removed from her consumer reports once she did, so the account should not have appeared on her file at all, not merely show a paid balance.

23. Plaintiff uploaded supporting documents with her dispute and asked Experian to reinvestigate the disputed information and remove the SCS collection account from her consumer file and reports.

**Defendant Experian's Unreasonable Dispute Reinvestigation**

24. On or about February 12, 2026, Experian issued the results of its reinvestigation of Plaintiff's January 2026 dispute.

25. Experian identified the SCS collection account ending in "357126X" and stated that the disputed information had been "verified and updated."

26. Experian further advised Plaintiff that the information she disputed had been verified as accurate, while unspecified information unrelated to her dispute had been updated.

27. Experian did not delete the Security Credit Systems collection account from Plaintiff's consumer file or reports.

28. Upon information and belief, Experian failed to conduct a reasonable reinvestigation of Plaintiff's January 23, 2026, dispute.

29. Upon information and belief, Defendant Experian failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's dispute.

30. Thereafter, Defendant Experian failed to correct or delete the SCS collection account from Plaintiff's consumer file and reports.

31. Experian failed to conduct a reasonable reinvestigation of Plaintiff's dispute tendered in January 2026, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Plaintiff's February 2026 Dispute Through the Consumer Financial Protection Bureau**

32. As of February 2026, upon information and belief, Defendant Experian continued to report the SCS collection account in Plaintiff's consumer file and reports despite reflecting that the account had been paid and carried no outstanding balance.

33. Plaintiff became increasingly worried that Experian's continued reporting of the collection account would impair her creditworthiness and ability to obtain credit.

34. On or about February 13, 2026, Plaintiff submitted a complaint and dispute through the Consumer Financial Protection Bureau ("CFPB") concerning Experian's continued reporting of the collection account.

35. In the complaint, Plaintiff explained that she had paid the collection account on or about January 5, 2026, after informing SCS that payment was conditioned upon removal of the account from her consumer reports.

36. Plaintiff explained that SCS had instead reported the account as paid and later instructed her to dispute the account with Experian.

37. Plaintiff further informed Experian that she had disputed the account on January 23, 2026, but that Experian's response left the collection account on her consumer report.

38. Plaintiff submitted supporting attachments with her CFPB complaint and again

sought removal of the SCS collection account.

**Defendant Experian's Response to Plaintiff's CFPB Complaint**

39. Experian initially acknowledged Plaintiff's CFPB complaint and stated that it would review the complaint and provide a final response after completing its review.

40. On April 10, 2026, Experian issued its final response and closed Plaintiff's CFPB complaint with an explanation.

41. Experian represented that it had reviewed Plaintiff's concerns, the information included in her complaint, and the attachments she submitted through the CFPB portal and directly to Experian.

42. Experian further represented that it contacted the furnisher of the disputed account and requested verification of the information Plaintiff challenged.

43. Experian stated that the furnisher verified the remaining disputed information as accurate and that other aspects of the disputed account may have been updated.

44. Experian nevertheless failed to delete the Security Credit Systems collection account from Plaintiff's consumer file and reports.

45. Upon information and belief, Defendant Experian failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's CFPB dispute.

46. Upon information and belief, Defendant Experian failed to conduct a reasonable reinvestigation of Plaintiff's February CFPB dispute.

47. Thereafter, Defendant Experian failed to correct or delete the SCS collection account from Plaintiff's consumer file and reports.

48. Defendant Experian failed to conduct a reasonable reinvestigation of Plaintiff's dispute tendered in February 2026, or any reinvestigation whatsoever, to determine whether the

disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Plaintiff Directly Communicates with SCS**

49. Plaintiff also continued communicating directly with SCS regarding Experian's failure to remove the collection account.

50. On March 16, 2026, SCS informed Plaintiff in writing that its latest report to the credit bureaus had been made on February 27, 2026.

51. SCS further confirmed that it had requested deletion of the collection account through e-OSCAR under Control No. 16260054.

52. SCS advised Plaintiff that it had no control over when each credit bureau would remove the tradeline.

53. Plaintiff was frustrated by this response because it indicates to Plaintiff that SCS had already requested deletion of the tradeline, yet the account remained on her Experian consumer file and reports.

**Plaintiff's Dispute to Defendant Equifax Regarding the Inaccurate Credit Reporting January 2024**

54. As of May 2026, Experian continued to report the SCS collection account on Plaintiff's consumer file and reports, despite having been notified, through her three disputes and her CFPB complaint, that the account should not be reported at all because Plaintiff had a clear pay-for-delete agreement with SCS, evidenced by the recorded call in which SCS made that promise and by SCS's March email recounting and discussing the deletion due to payment.

55. On or about May 11, 2026, distressed and frustrated that Experian continued reporting the SCS collection account despite SCS's confirmation that it had requested deletion, Plaintiff again disputed the account directly with Experian.

56. In her dispute, Plaintiff explained that the collection account remained on her Experian report despite her prior disputes and SCS's written removal request.

57. Plaintiff submitted supporting documentation, including SCS's written confirmation of its deletion request due to her payment (thereby clearly evidencing the agreed to pay-for-deletion arrangement), copies of her prior disputes, her CFPB complaint confirmation, and a copy of her credit report showing the collection account.

**Defendant Experian's Unreasonable Reinvestigation**

58. On or about May 29, 2026, Experian issued the results of its reinvestigation of Plaintiff's May 2026 dispute.

59. Experian stated that SCS had certified the disputed information as accurate and designated the SCS collection account as "Remains."

60. Experian further stated that the collection account had not been changed through its processing of Plaintiff's dispute.

61. Experian specifically stated that "The Company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute…"

62. Experian's accompanying dispute-results report likewise reflected that the SCS collection account remained in Plaintiff's consumer file following the reinvestigation.

63. Despite Plaintiff's submission of SCS's written confirmation that it had requested deletion of the collection account, Experian continued to report the SCS collection account in Plaintiff's consumer file and reports.

64. Upon information and belief, Experian failed to reasonably consider the material documentation submitted by Plaintiff concerning SCS's prior deletion request.

65. Upon information and belief, Defendant Experian failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's disputes.

66. Upon information and belief, Defendant Experian failed to conduct a reasonable reinvestigation of Plaintiff's May 2026 disputes.

67. Thereafter, Defendant Experian failed to correct or delete the SCS collection account from Plaintiff's consumer file and reports.

68. Defendant Experian failed to conduct a reasonable reinvestigation of Plaintiff's May 2026 disputes, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

69. Independent of Experian's failure to conduct a reasonable reinvestigation, Experian also violated 15 U.S.C. § 1681i(a)(5)(A), which required Experian to promptly delete or modify the SCS collection account once that account was shown to be inaccurate or could not be verified.

70. Experian could not properly verify the SCS collection account as accurate. Plaintiff had submitted SCS's own written confirmation that it had requested the account's deletion from the credit bureaus, directly at odds with SCS's supposed certification to Experian that the account was accurate.

71. Experian never reconciled that contradiction. It did not explain how SCS could certify the account as accurate while, in writing, telling Plaintiff it had already asked the credit bureaus to remove that same account.

72. Because the SCS collection account could not be verified in the face of that unresolved contradiction, Experian was required under 15 U.S.C. § 1681i(a)(5)(A) to promptly delete or modify it. Experian did neither. It left the account exactly as it had been reporting it,

unverified and inaccurate.

73. Experian's continued reporting of the SCS collection account, after receiving documentation that made the account's accuracy impossible to verify, means Experian continued to report information it knew, or should have known, was inaccurate and/or incomplete in violation of 15 U.S.C. § 1681i(a)(5)(A).

74. Plaintiff reasonably believes that Defendant Experian continued to publish the SCS collection account in her consumer file and reports despite her payment of the account, her repeated disputes, and SCS's written confirmation that it had requested deletion of the collection account.

75. As a result of Experian's continued reporting of the SCS collection account, despite Plaintiff's payment of the account and SCS's request for deletion, Experian made it practically impossible for Plaintiff to continue obtaining credit or to continue obtaining credit on the more favorable terms she would have received had her credit reports not included the inaccurate and unreportable debt collection notation.

76. On May 28, 2026, American Express denied Plaintiff's application for a Business Platinum Card based on her FICO score. American Express advised Plaintiff that it obtained the score from Experian and that her Experian FICO score was 667 at the time of the decision, which had factored in inclusion of the derogatory SCS tradeline.

77. Plaintiff reasonably believes that Experian's continued reporting of the SCS collection account adversely affected her credit profile and contributed to her inability to obtain the credit she sought.

78. Plaintiff suffered real emotional distress from Experian's continued reporting of the SCS account. She had given Experian every item of documentation showing the account was not supposed to be reported and was inaccurate, and watched Experian report it anyway. At all times

pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

79. Plaintiff was especially unsettled by the gap between her credit files. Her Equifax score was 740 and her Trans Union score was 743, while her Experian score sat at only 659, weighed down by the very account Experian refused to remove despite three disputes and a CFPB complaint.

80. Plaintiff checked her Experian report obsessively, hoping each time that the account had finally been removed. It never was.

81. Plaintiff forewent credit she would otherwise have pursued, out of fear that applying while the SCS account remained on her Experian file would lead to another denial.

82. Plaintiff suffered loss of appetite, severe anxiety, severe depression, headaches, and loss of sleep over the course of resolving this issue.

83. At all times pertinent hereto, the conduct of Defendant, as well as that of its respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

84. As a standard practice, Defendant Experian does not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the credit furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230-31 (D.N.M. 2006); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

85. Defendant Experian is aware of the shortcomings of its procedures and intentionally

chooses not to comply with the FCRA to lower its costs. Accordingly, Experian's violations of the FCRA are willful.

86. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage by loss of credit and denial of her American Express credit application; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(Against Defendant Experian)**

87. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

88. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

89. Defendant's conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

90. Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II**
**15 U.S.C. § 1681i**
**Failure to Perform a Reasonable Reinvestigation**
**(Against Defendant Experian)**

91. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

92. Defendant violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigation(s) of Plaintiff's dispute(s) after Plaintiff notified Experian that the SCS collection account should have been deleted from her consumer file and reports, and by failing to maintain reasonable procedures for investigating Plaintiff's disputes.

93. Defendant's conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

94. Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs, and awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: New York,
July 31, 2026

*/s/ Meir Rubinov*
Meir Rubinov, NY Bar # 6077887
CONSUMER ATTORNEYS, PLLC
68-29 Main Street
Flushing NY 11367

T: 718-640-8123
F: (718) 247-8020
E: mrubinov@consumerattorneys.com

*Attorneys for Plaintiff*
*Audrianna K. Marcano*